UNITED STATES DISTRICT COURT         O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 5:10-cr-1294-3 |
| | § | |
| RAMON DURAN-ESPINOZA; tn DURAN-ESPINOZA JR. | § | |

## ORDER AND OPINION DENYING WITHDRAWAL OF PLEA

Pending before the Court is Defendant Ramon Duran-Espinoza's Motion to Withdraw Plea.[1] After considering the motion, the applicable law, and reviewing the record of the case, the motion is DENIED.

## I.     BACKGROUND

On May 8, 2010, Defendant Ramon Duran Espinoza ("Duran") was arrested following the discovery of 9.35 kilograms of cocaine in the firewall compartment of a vehicle driven by co-defendant Juan Gerardo Iracheta Moreno. Duran was subsequently indicted for conspiracy to possess with intent to distribute a controlled substance, possessing with intent to distribute a controlled substance and importing a controlled substance. Although he initially entered a plea of not guilty, Duran subsequently entered a plea of guilty to the conspiracy charge (Count One). Duran was set for sentencing on October 14, 2010. However, at the time of sentencing, Duran claimed that counsel had not reviewed the Presentence Investigation Report ("PSR") with him. Despite counsel's representation that he had, in fact, reviewed the PSR with Duran, the Court gave Duran and his attorney additional time to review the report. When the case was recalled, Counsel advised that Duran was now asserting his innocence claiming that he had been pressured

---

[1] Cr. Dkt. No. 84.

into a plea and was requesting new counsel. The Court reset the case and, without deciding the merits of Duran's claim of innocence, allowed counsel to withdraw and appointed new counsel.

Duran has now filed a motion to withdraw his plea asserting that he was coerced into the plea by former counsel. In particular, Duran asserts that former counsel claimed to be a good friend of the Assistant United States Attorney in charge of the case and that former counsel would not "go against him and upset his friend."

## II.   DISCUSSION[2]

Within the Fifth Circuit, prior to sentencing, a district court may use its discretion to grant a motion to withdraw a guilty plea if the defendant presents a "fair and just reason" for requesting withdrawal.[3] There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a fair and just reason for withdrawal.[4]

When ruling on a motion to withdraw, district courts should consider "whether: (1) the defendant asserted his innocence; (2) withdrawal would prejudice the government; (3) the defendant delayed in filing the withdrawal motion; (4) withdrawal would inconvenience the court; (5) adequate assistance of counsel was available; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources."[5] The district court need not make a finding as to each *Carr* factor as it makes a determination based on the totality of the circumstances.[6]

---

[2] The Court notes that current FED. R. CRIM. P. 11(d) has moved around within the Federal Rules of Criminal Procedure. This explains why some of the supporting cases do not cite Rule 11(d). *See United States v. Ortega-Ascanio*, 376 F.3d 879, 883 n. 1 (9th Cir. 2004).

[3] FED. R. CRIM. P. 11(d)(2)(B); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001)(quoting *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998)).

[4] *United States v. Brewster*, 137 F.3d 853, 857-58 (5th Cir. 1998).

[5] *United States v. Mendoza-Mata*, 322 F.3d 829, 834 (5th Cir. 2003)(citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)).

[6] *United States v. Powell*, 354 F.3d 362, 370-71 (5th Cir. 2003); *Brewster*, 137 F.3d at 858; *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996) (holding no single *Carr* factor or combination of factors mandates a particular result (citing *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991))).

In the present case, the *Carr* factors weigh against allowing Defendant to withdraw his guilty plea. As Defendant's claim of coercion attacks the voluntariness of the plea, the discussion begins with the sixth factor.

### A.     Defendant's plea was knowing and voluntary

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'"[7] When determining whether a defendant's plea was knowing and voluntary, the Court is mindful of the Fifth Circuit's position that Rule 11 admonishments provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas."[8] Furthermore, "the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[9]

In the case at bar, the Court finds Duran knowingly and voluntarily entered his plea. On July 19, 2010, Magistrate Judge Scott Hacker addressed Defendant personally in open court and carefully provided a litany of admonishments and explanations to Duran, including the elements of the charge, the consequences of the plea, and the offense's maximum punishment.

At the rearraignment, the Court placed Duran under oath.[10] The Court warned Duran that he could be prosecuted for perjury if he lied to the Court.[11] Duran said he had had enough time to discuss his case with his attorney.[12] Furthermore, Duran said he was satisfied with his attorney's representation.[13] The Court explained the charge in Count One of the indictment,[14]

---

[7] *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (citations omitted).
[8] *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993) (citations omitted).
[9] *United States v. Ruiz*, 536 U.S. 622, 630 (2002)(citations omitted).
[10] Digital Recording of Rearraignment July 19, 2010 at 1:56 p.m.
[11] *Id.* at 1:57 p.m.
[12] *Id.* at 1:58 p.m.
[13] *Id.*

and Duran said he understood.[14] Duran said he signed his plea agreement *and went through the plea agreement in detail with his attorney*.[16] The Court then reviewed the plea agreement and clarified a confusing paragraph dealing with the quantity of drugs and relevant conduct.[17] The responses of Duran's attorney to the Court's questions about the plea agreements revealed that his attorney was attentive.[18] Duran affirmed that the agreement reviewed by the Court was what he understood his plea agreement with the government to be.[19]

Duran stated that no one had promised him anything outside his plea agreement to get him to plead guilty.[20] Duran stated that he understood that the plea agreement was not binding on the district judge.[21] Duran said he was not under the influence of alcohol, drugs or medicine.[22] Duran said he had not been treated for any mental problems, psychiatric problems or had an injury to his brain in the past.[23] Duran said no one had forced him or threatened him to get him to plead guilty.[24] Duran affirmed that he was pleading guilty freely and voluntarily, that is, it was his decision to do so.[25] Duran's attorney said he was satisfied that Duran was competent to go forward with a guilty plea.[26]

The Court informed Duran of the potential penalties including the minimum and maximum periods of imprisonment and supervised release.[27] Duran said he understood the maximum penalties he was facing.[28]

---

[14] *Id.*
[15] *Id.* at 2:00 p.m.
[16] *Id.* at 2:01 p.m.
[17] *Id.*
[18] *Id.* at 2:01p.m. & 2:04 p.m.
[19] *Id.* at 2:09 p.m.
[20] *Id.*
[21] *Id.* at 2:10 p.m.
[22] *Id.* at 2:14 p.m.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.* at 2:15 p.m.
[27] *Id.* at 2:15 p.m.

The Court then warned Duran that when his attorney talked about a score, calculation, or range of imprisonment under the sentencing guidelines, it was his attorney's best guess or estimate about how his case would be calculated or dealt with—not a guarantee.[29] The Court warned Duran that if the probation department recommended a longer sentence than his attorney estimated, he could not withdraw his guilty plea.[30] Duran said he understood.[31] The Court then explained the advisory nature of the sentencing guidelines and warned Duran that the guidelines were only one factor that the judge would have to consider when sentencing him.[32] Duran said he understood.[33]

The Court then explained Duran's right to a trial and rights associated with trial.[34] Duran said he understood his rights and was willing to give up those rights and go forward with his guilty plea.[35]

Duran pleaded guilty to Count One of his indictment and affirmed he was pleading guilty because he was guilty of the conduct.[36] The Court accepted Duran's plea.[37] Finally, Duran said that he understood everything the Court explained to him and that he did not have any questions.[38]

Based on the above, it appears that Duran's plea was knowing and voluntary because Judge Hacker first advised Duran of the consequences of his plea and based on Duran's responses during the Rule 11 colloquy determined Duran understood the consequences of such

---

[28] *Id.* at 2:17 p.m.
[29] *Id* at 2:18 p.m.
[30] *Id.*
[31] *Id.* at 2:19 p.m.
[32] *Id.*
[33] *Id.* at 2:20 p.m.
[34] *Id.* at 2:21 p.m.
[35] *Id.* at 2:23 p.m.
[36] *Id.* at 2:25 p.m.
[37] *Id.* at 2:32 p.m.
[38] *Id.* at 2:33 p.m.

plea.[39] Furthermore, Duran made the above concessions, i.e., answered the Rule 11 colloquy, under oath and in open court, and each carries "a strong presumption of verity."[40] However, the Court must next consider whether Duran's allegations are sufficient to undermine the conclusion that Duran's waiver was knowing and voluntary.

At a subsequent hearing before this Court, Duran's attorney said that Duran was claiming that his attorney had forced and pressured him into pleading guilty.[41] When the Court gave Duran an opportunity to speak, he said that he felt a lot of pressure and that he was pressured to plead guilty.[42] Contrary to Duran's representations in his memorandum supporting his motion to withdraw,[43] Duran never claimed previously that he was "coerced into the plea." On the other hand, Duran accurately reports that he claimed "he was pressured into entering a plea of guilty."[44] To withdraw his guilty plea based on involuntariness, Defendant must show that his plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment."[45] Duran has not made such a showing.

At rearraignment, Duran affirmed that he was pleading guilty freely and voluntarily—that it was his decision to do so. Furthermore, Duran said he that no one had forced him or threatened him to get him to plead guilty. The Court places great weight on those earlier sworn

---

[39] *See United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992)(en banc)("If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding."); *United States v. McFarland*, 839 F.2d 1239, 1242 (7th Cir.), *cert. denied*, 486 U.S. 1014 (1988)("To deter abuses in the withdrawal of guilty pleas under Rule [11(d)(2)(B)], and to protect the integrity of the judicial process, we have held that 'rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] . . . be binding.'" (quoting *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987))); *cf. United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992).

[40] *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).

[41] Digital Recording of October 21, 2010, Hearing at 8:57 a.m.

[42] *Id.* at 8:59 a.m.

[43] Cr. Dkt. No. 84 at unnumbered p. 4.

[44] Cr. Dkt. No. 84 at unnumbered p 5.

[45] *Blackledge*, 431 U.S. at 75; *United States v. Diaz*, 733 F.2d 371, 374 (5th Cir. 1984).

statements, and Duran's recent allegations to the contrary do not convince the Court that Duran's statements at rearraignment were inaccurate. Additionally, the Court notes that the fact that a defendant feels "pressure" from his attorney does not mean that a defendant's rights have been violated. If an attorney believes that a guilty plea is in his client's best interest, he should communicate that view to his client. An attorney should never attempt to force or threaten his client, but informing a client of likely adverse consequences is not a threat.

Duran also alleges that he was not psychologically prepared to enter a guilty plea at rearraignment. The Court is unsure what Duran means by this statement, but there is no constitutional right to be psychologically prepared to enter a guilty plea. The law only requires that a defendant be mentally competent at the time of the plea. There is nothing in the record that suggests Duran was mentally incompetent at the time of the plea, nor is there anything to suggest that he did not understand the consequences of entering a guilty plea. On the contrary, Duran said he was pleading guilty freely and voluntarily. Duran also reported to the Court that he had not been treated for any mental problems. Additionally, Duran's attorney stated that he was satisfied that Duran was competent to go forward with his guilty plea.[46] Finally, Judge Hacker, after thoroughly questioning Duran, found Duran was competent to enter a plea.[47]

In a case with facts more compelling than Duran's, the First Circuit concluded the district court did not abuse its discretion in refusing to allow a defendant to withdraw his guilty plea.[48] In *Torres-Rosario*, during the plea negotiations, the Assistant U.S. Attorney disclosed the names of four witnesses to the defendant's counsel.[49] The defendant called his attorney and asked him

---

[46] Digital Recording of July, 19, 2010, Rearraignment at 2:15 p.m.
[47] *Id.* at 2:32 p.m.
[48] *United States v. Torres-Rosario*, 447 F.3d 61, 67 (1st Cir. 2006).
[49] *Id.* at 63.

"to make a deal."[50] The day after the disclosure, the defendant "was brought unexpectedly to the courthouse where his lawyer presented him with a plea agreement."[51] Defendant claimed "he was extremely reluctant to sign [the plea agreement] but his lawyer pressed him hard, saying: 'sign, sign, sign.'"[52] Defendant alleged "that in substance he spent only 15 minutes with his lawyer considering the proposed deal—including translation [from English to Spanish] . . . before he accepted the terms proposed and was taken before [the judge] who . . . conducted the Rule 11 hearing and then recommended acceptance of the agreement."[53]

In affirming the district court's denial, the First Circuit reasoned that "[s]hort periods for reflection are commonly all that is available when the defendant waits until the eve of trial to make up his mind to plead guilty. Perhaps the period here was short to adequately weigh 15 years as compared to the risk of conviction and a still longer sentence."[54] The court noted that "one office of a Rule 11 hearing is to test and reaffirm the defendant's commitment to his plea."[55] The court thus concluded that the defendant "ha[d] not shown that the district court abused its discretion in refusing to allow him to withdraw his plea."[56]

As explained above, during the Rule 11 hearing Duran was thoroughly advised of and the magistrate judge determined, based on Duran's responses, that he fully understood the consequences of his guilty plea. If Duran had a problem with his attorney's alleged pressure tactics, he should have raised those issues at the Rule 11 hearing and not after pleading guilty and reflecting on the consequences of his plea.[57] Under these considerations, Defendant has not

---

[50] *Id.*
[51] *Id*.
[52] *Id*.
[53] *Id.*
[54] *Torres-Rosario*, 447 F.3d at 66-67 (internal citations omitted).
[55] *Id.* at 67.
[56] *Id.*
[57] *Cf. United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir.), *cert. denied*, 488 U.S. 863 (1988) (holding [Rule 11] "was not intended 'to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then

shown his plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment."[58]

Based on the totality of the circumstances, this *Carr* factor, in and of itself, cuts sharply against allowing Defendant to withdraw his guilty plea, and resolves the issue before the Court.[59] Although the Court in deciding Defendant's motion to withdraw his guilty plea need not make a finding as to each *Carr* factor because no single factor or combination of factors mandates a particular result, the Court will discuss the other factors.

### B. Defendant asserted his innocence

Duran entered a "not guilty" plea at his arraignment.[60] On hearings October 14, 2010, and October 21, 2010, Duran asserted his innocence to Court.[61] However, at the re-arraignment, Defendant unequivocally pled guilty. Nonetheless, this factor weighs in favor of allowing him to withdraw his plea.

### C. Withdrawal would not prejudice the government

In his motion to withdraw his guilty plea Duran alleges the following.

> [T]he government would not be prejudiced by the withdraw of his guilty plea since all trial preparation should have been complete by the Final Pre-trial Conference. The government is also not prejudiced because one co-defendant in the case has not been sentenced yet, since there are no material witness(es) unavailable to the government; the same evidence and testimony available three months ago (when the trial would have taken place) would be available today.[62]

Since the Government did not contest Defendant's non-prejudice argument, this factor weighs in Defendant's favor.

---

obtain a withdrawal if he believes he made a bad choice'" (citing *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984))).
[58] *Blackledge*, 431 U.S. at 75; *Diaz*, 733 F.2d at 374.
[59] *See Powell*, 354 F.3d 362, 370-71 (5th Cir. 2003); *United States v.Brewster*, 137 F.3d 853, 858 (5th Cir. 1998); *Still*, 102 F.3d 118, 124 (5th Cir. 1996); *Badger*, 925 F.2d 101, 104 (5th Cir. 1991).
[60] Minute Entry of Arraignment 6/1/2010.
[61] Digital Recording of Hearing October 14, 2010, at 4:01 p.m.; Digital Recording of October 21, 2010, at 8:57 a.m.
[62] Cr. Dkt. No. 84 at unnumbered p. 5.

### D. Duran's delay in filing the withdrawal motion

The standard for judging a defendant's reason for delay remains low where the withdrawal comes only a day or so after the plea was entered.[63] In the present case, Duran's motion came over three months after he entered his guilty plea. Duran pleaded guilty on July 19, 2010. It should be noted that Duran claims that during the interim period between his plea and sentencing, he made multiple attempts to contact his attorney. This assertion, if true, might very well excuse the delay in filing a formal motion to withdraw Duran's plea. However, other than this assertion, there is no evidence that Duran sought to withdraw his plea until the day of sentencing, some three months after pleading guilty. Thus, this factor tips against granting Duran's motion to withdraw his plea.

### E. Adequacy of Duran's Counsel

In his motion to withdraw his plea, Duran challenges his counsel's assistance based on the allegation that he was "pressured into entering a plea of guilty," and that he has always claimed his innocence to his original attorney.[64]

At Duran's rearraignment, he stated that he had had enough time to discuss his case with his attorney, that he was satisfied with his attorney's representation, and that he had gone through his plea agreement in detail with his attorney. When the Court inquired whether all the codefendants' plea agreements with the government were the same, Duran's attorney was the first defense counsel to respond.[65] Later when the Court sought to clarify the meaning of

---

[63] *Carr*, 740 F.2d 339, 346 (9th Cir. 1984); *see Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995)(listing as reason for rejecting plea withdrawal motion fact that three months elapsed between plea and motion to withdraw); *Carr*, 740 F.2d at 345 (concluding that motion was not promptly filed when defendant waited 22 days after he entered his guilty plea); *see also United States v. Santiago*, 229 F.3d 313, 318 (1st Cir. 2000)(nine months delay); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999)(seventy-seven days); *United States v. Gonzales*, 970 F.2d 1095, 1100 (2d Cir. 1992)(seven months); *United States v. Navarro-Flores*, 628 F.2d 1178, 1184 (9th Cir. 1980)(per curiam)(one month).

[64] Cr. Dkt. No. 84 at unnumbered p. 5.

[65] Digital Recording of July 19, 2010, Rearraignment at 2:00 p.m.

Paragraph 10 of Duran and his codefendants' plea agreements,[66] Duran's attorney was again the first defense counsel to respond.[67] It appears from his prompt responses to the Court's questions that Duran's attorney was paying careful attention to Duran's case and plea agreement.

On the other hand, Duran alleges several complaints about his attorney. First, he says that his attorney told him that he was friends with the AUSA and that he would not go against his friend.[68] Second, Duran claims that he was pressured to plead guilty although he had told his attorney all along that he was innocent and told his attorney on the day of his plea that he was not psychologically prepared to plead guilty.[69] Third, Duran claimed that his attorney did not respond to his letter and repeated calls after his guilty plea.[70]

Although the Court has serious doubts about Duran's allegations, and finds them dubious in light of his attorney's previous practice before the Court and his attorney's attentiveness during Duran's Rule 11 colloquy, the Court believes that the adequacy of counsel factor cuts slightly in favor of allowing Duran to withdraw his guilty plea.

### F. Waste of judicial resources and inconvenience to the Court

The Court finds that inconvenience to the Court is, in essence, a non-factor. This Court would not deny Duran an otherwise deserved hearing simply because it would inconvenience the Court. Furthermore, the waste of judicial resources is not significant in this case. The Court thus gives these two factors neutral weight in determining whether to allow Defendant to withdraw his guilty plea.

---

[66] *Id.* at 2:04 p.m.
[67] *Id.*
[68] Digital Recording of October 21, 2010, Hearing at 8:59 a.m.; Cr. Dkt. No. 84 at unnumbered p. 4.
[69] Digital Recording of October 21, 2010, Hearing at 8:59 a.m.; Cr. Dkt. No. 84 at unnumbered p. 4-5.
[70] Digital Recording of October 21, 2010, Hearing at 9:01 a.m.

**III.    Conclusion**

In sum, based on the totality of the circumstances, the sixth *Carr* factor heavily tipped the scales against allowing Duran to withdraw his guilty plea, and the combination of the remaining factors do not outweigh the opposite pan of the scales. Stated differently, Duran has not met his burden of providing a fair and just reason for this Court to grant him leave to withdraw his guilty plea.

IT IS SO ORDERED.

DONE this 1st day of December, 2010, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE